UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KEITH E. ANDERSON, </br></br> Petitioner, </br></br> v. </br></br> UNITED STATES OF AMERICA, </br></br> Respondent. | CASE NO.   C06-208-RSM-JPD </br>             CR02-423-JCC </br></br> REPORT & RECOMMENDATION |

Petitioner is a federal prisoner who has filed a *pro se* petition that describes itself in myriad ways.[1] Although unclear, the petition appears to challenge petitioner's recent conviction for mail fraud and assisting others in filing false income tax returns. (Doc. #1259 in Case No. CR02-423-JCC). Consequently, it appears that petitioner's intent is to file a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

Ordinarily, when a *pro se* prisoner files a petition such as that filed by petitioner, the court will seek petitioner's consent to recharacterize the petition as a motion pursuant to 28 U.S.C. § 2255. *See Castro v. United States*, 540 U.S. 375 (2003). However, in the present case, the court need not seek petitioner's permission to recharacterize his petition as a § 2255 motion. A review of the history of petitioner's underlying criminal case reveals that petitioner's direct appeal of that

---

[1] The full title of petitioner's petition is "1. Amicus curiae brief filed in the interest of justice by non-defendant injured party: Keith Eldon Anderson, Secured Paty for Defendant. 2. Acceptance by Keith Eldon Anderson of Plaintiff Agent's refusal to allow Keith Eldon Anderson to be the defendant. 3. Correction of Record. 4. Criminal Complaint. 5. *Petition for Writ of Habeas Corpus*." (Doc. #1 at 1) (emphasis added).

REPORT & RECOMMENDATION
PAGE 1

1  case is still pending before the Court of Appeals for the Ninth Circuit.  (*See, e.g.,* Doc. #1244 in

2  Case No. CR02-423, Order issued on October 3, 2005 by Ninth Circuit denying petitioner's motion

3  to represent himself on appeal.)

4        A district court should not entertain a petitioner's collateral attack on a conviction while the

5  petitioner also has a direct appeal pending in the Ninth Circuit, because to do so would thwart

6  judicial economy.  *See United States v. Deeb,* 944 F.2d 545, 548 (9TH Cir. 1991).  Accordingly, the

7  court recommends that petitioner's petition be dismissed without prejudice.  A proposed Order

8  accompanies this Report and Recommendation.

9        DATED this 14th day of February, 2006.

10

                                  /s/ James P. Donohue

11                            JAMES P. DONOHUE
                          United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

REPORT & RECOMMENDATION
PAGE 2